IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **WENONAH BIVINS**<br>25000 Rockside Road, Apt 548<br>Bedford Heights, Ohio 44146<br><br>        Plaintiff,<br>v.<br><br>**NATIONAL CREDIT SOLUTIONS, LLC**<br>c/o CT CORPORATION SYSTEM<br>1300 East Ninth Street<br>Cleveland, Ohio 44114,<br><br>        Defendant. | Case No: 1:12-cv-1882<br><br>JURY DEMAND REQUESTED<br><br>**CIVIL COMPLAINT**<br>**(Unlawful Debt Collection Practices)** |

## COMPLAINT

PLAINTIFF, Wenonah Bivins (Plaintiff), by her attorneys, KAHN AND ASSOCIATES, L.L.C., alleges the following against DEFENDANT, National Credit Solutions, LLC (Defendant):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

3. Because Defendant conducts business in Ohio, personal jurisdiction is established.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## PARTIES

5. Plaintiff is a natural person who resides in the city of Bedford Heights, Cuyahoga County, Ohio and is allegedly obligated to pay a debt, and Plaintiff is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

6. Pursuant to the definitions outlined in *15 U.S.C. 1692a(1-6)*, Defendant is a debt collector and sought to collect a consumer debt from Plaintiff which was allegedly due and owing from Plaintiff, and Plaintiff is a consumer debtor.

7. Defendant is an Oklahoma Limited Liability Company and debt collector with an office in Oklahoma City, Oklahoma.

8. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

9. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

10. Defendant, using telephone number 405.619.3630, placed calls to Plaintiff at telephone number 216.233.5569, in an attempt to collect an allegedly owed obligation on a medical account related to an emergency room services bill from approximately 2005.

11. Plaintiff believes that this is a prior bill that was held by a prior collection agency or creditor, that she paid it in full, and advised Defendant as to this belief. Plaintiff requested that Defendant send her proper written verification and validation of the debt to confirm the prior payment status, but Defendant refused to do so. Plaintiff also requested that Defendant tell her what hospital the bill originated with or otherwise identify the original creditor on the account, but Defendant refused to provide Plaintiff with that information. Defendant's failure to provide the requested information and to provide validation and verification of the debt was an unlawfully deceptive and misleading method of attempting to collect a debt.

## COUNT I

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

12. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692e(10)* by the use of any false representation or deceptive means to collect or attempt to collect a debt or obtain information concerning a consumer.

    b. Defendant violated *§1692f* by using any unfair or unconscionable means to collect or attempt to collect a debt.

    c. Defendant violated *§1692g(a)* by failing within five days of the initial communication with the consumer to send the consumer a written notice stating (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any

portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

WHEREFORE, Plaintiff, Wenonah Bivins, respectfully requests judgment be entered against Defendant, for the following:

13. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

14. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

15. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, Wenonah Bivins, requests a jury trial in this case.

Respectfully submitted,

**KAHN & ASSOCIATES, LLC**

*/s/ David W. Skall*

**DAVID W. SKALL (0068740)**
dskall@kahnandassociates.com
6200 Rockside Woods Blvd., Suite 215
Cleveland, Ohio 44131
216.621.6101 Telephone
216.621.6006 Facsimile

Attorney for Plaintiff